IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MIKE SILVA,

                                          CASE NO. 2:21-CV-4583
    Petitioner,                  CRIM. NO. 2:19-CR-91
                                          JUDGE JAMES L. GRAHAM
    v.                                 Magistrate Judge Chelsey M. Vascura

UNITED STATES OF AMERICA,

    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255, challenging his June 2021 conviction pursuant to his guilty plea on conspiracy to operate a chop shop and violate the Clean Air Act, 18 U.S.C. §§ 371 and 2322; 42 U.S.C. § 7413(c)(1). (*See Judgment*, ECF No. 38, PageID # 131.) Petitioner asserts that he was denied the effective assistance of counsel. (*Motion to Vacate*, ECF No. 48, PAGEID # 191.) For the reasons that follow, it is **RECOMMENDED** that action be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On September 14, 2021, Petitioner filed a Motion to Vacate his conviction under 28 U.S.C. § 2255. Respondent United States of America filed a Motion to Hold Case in Abeyance pending Petitioner filing a written waiver of his attorney-client privilege (ECF No. 53). On October 1, 2021, the Court granted Respondent's Motion and ordered Petitioner to submit a written waiver as it related to his ineffective assistance of counsel claim within fourteen days. (Order, ECF No. 55.) However, to date, Petitioner has not executed and filed a waiver.

## II.

The Federal Rules of Civil Procedure may be used in habeas corpus "to the extent that they are not inconsistent with any statutory provisions or these rules . . . ." Rule 12, Rules Governing Section 2255 Proceedings. Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b). The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed.R.Civ.P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks and citation omitted). "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. at 630).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is

properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, Petitioner has failed to comply with this Court's express Order directing him to submit his habeas corpus petition on the form for filing such an action, despite also being directed to do so by the Clerk and being provided with a copy of that form. Moreover, the Court explicitly cautioned Petitioner that failure to comply could result in dismissal of this action for failure to prosecute pursuant to Rule 41(b). (ECF No. 55, PAGEID # 219); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate). Petitioner's failure to timely comply with the clear Order of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Petitioner has missed deadlines and disregarded Court orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

### IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action **WITH PREJUDICE** under Rule 41(b).

3

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE